**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

JAIRO L. U. G.,

                                  Civ. No. 26-3051 (JRT/SGE)

                Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, U.S.
Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director,*       **MEMORANDUM OPINION AND ORDER**
*Immigration and Customs Enforcement*;   **GRANTING PETITION FOR WRIT OF**
                                      **HABEAS CORPUS**

DAVID EASTERWOOD, *Field Office
Director, Enforcement and Removal
Operations, Minneapolis-St. Paul Field
Office, Immigration and Customs
Enforcement*; and

ERIC TOLLEFSON, *Sheriff, Kandiyohi
County*,

                Respondents.

---

Karen Venice Bryan, **KB LAW PLLC**, 4100 Excelsior Boulevard, St. Louis Park, MN 55416, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Jairo L.U.G. is a citizen of Honduras who was arrested by immigration officials on May 22, 2026.  He seeks a writ of habeas corpus, arguing that his arrest and detention violate the Administrative Procedure Act, the Immigration and Nationality Act,

the Due Process Clause of the Fifth Amendment, and the Fourth Amendment's prohibition on unreasonable searches and seizures. Because the Court concludes that Petitioner's arrest was unlawful, the Court will grant the petition and order Petitioner's immediate release.

**BACKGROUND**

**I.     FACTS**

Petitioner, a citizen of Honduras, entered the United States without inspection in 2021. (Pet. for Writ of Habeas Corpus ("Pet.") ¶ 1, June 23, 2026, Docket No. 2.) He was issued a Notice to Appear and placed in removal proceedings in 2022. (*Id*. ¶ 2.) "On March 24, 2023, USCIS approved Petitioner's Form I-360 and determined that he warranted a favorable exercise of discretion to receive deferred action for a period of four (4) years unless terminated earlier by USCIS." (*Id*. ¶ 5.) A few months later, an immigration judge dismissed Petitioner's removal proceedings. (*Id*. ¶ 6.)

Petitioner was arrested for driving under the influence on February 12, 2026. (Pet. ¶ 8.) On May 21, 2026, U.S. Immigration and Customs Enforcement officials issued an I-200 administrative warrant for Petitioner's arrest "based on biometric confirmation of subject's identity and a records check to execute a charging document and initiate removal proceedings." (Decl. of Benjamin Northwood ("Northwood Decl.") ¶ 11, June 25, 2026, Docket No. 7.) On May 22, 2026, ICE officials "served [Petitioner] the [I-200 warrant]," took him into custody, "and transported him to Kandiyohi County Jail where

he remains detained." (*Id.* ¶ 13.)  On June 11, 2026, ICE officials "issued and served [Petitioner] with a Notice to Appear[.]" (*Id.* ¶ 14.)

Petitioner filed a Petition for Writ of Habeas Corpus on June 23, 2026. (Docket No. 2.)  Respondents filed a response on June 25, 2026, and Petitioner replied. (Docket Nos. 6, 9.)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

For many of the same reasons set forth in another recent decision by this Court— *Hector J.A.S. v. Shea*, Civ. No. 26-2242, 2026 WL 1243500 (D. Minn. May 6, 2026)—the Court concludes that Petitioner's arrest was unlawful and will therefore order his immediate release.

First, to the extent that Petitioner's arrest is premised on the I-200 administrative warrant served on Petitioner on May 22, 2026, the Court concludes that the warrant is invalid.  ICE's regulations empower certain officials, "**[a]t the time of issuance of [a] notice to appear**, or at any time thereafter and up to the time removal proceedings are completed," to arrest a noncitizen and take them into custody "under the authority of Form I-200, Warrant of Arrest."  8 C.F.R. § 236.1 (emphasis added).  However, in this case,

it appears removal proceedings were not commenced against Petitioner through a Notice to Appear until June 11, 2026—nearly three weeks after his arrest pursuant to the I-200 warrant. (Northwood Decl. ¶ 14.) Accordingly, Petitioner's arrest pursuant to the I-200 warrant was unlawful.

Second, to the extent that Respondents rely on their authority to conduct warrantless arrests under 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1357(a), such arrest was similarly unlawful. Certain immigration officials are empowered to make warrantless arrests of noncitizens with "reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). While there may have been probable cause in this case to believe that Petitioner was unlawfully present in the United States, the record before the Court does not demonstrate that Petitioner was likely to escape before a valid warrant could be obtained for his arrest.

In sum, Petitioner's arrest was unlawful, and the proper remedy is to release him. *See, e.g.*, *Hector J.A.S.*, 2026 WL 1243500 at *3.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jairo L.U.G.'s Petition for Writ of Habeas Corpus (Docket No. [2]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

-5-

2.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.  Respondents must also coordinate with Petitioner's counsel to ensure safe release.

3.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on July 6, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.


DATED:  July 1, 2026                         _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                             United States District Judge