**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JAIRO L.U.G.,

Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security, in his official capacity*; DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement, in his official capacity*; DAVID EASTERWOOD, *Field Office Director, Enforcement and Removal Operations, Minneapolis-St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; and ERIC TOLLEFSON, *Sheriff, Kandiyohi County, custodian of detainees at the Kandiyohi County Jail, in his official capacity*,

Respondents.

Civ. No. 26-3051 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES**

---

Karen Venice Bryan, **KB LAW PLLC**, 4100 Excelsior Boulevard, St. Louis Park, MN 55416, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Jairo L.U.G. was detained by immigration officials on May 22, 2026, and subsequently sought a writ of habeas corpus. The Court concluded that his detention was

unlawful and ordered his immediate release. *Jairo L.U.G. v. Mullin*, Civ. No. 26-3051, 2026 WL 1893624 (D. Minn. Jul. 1, 2026).

Petitioner now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). Petitioner seeks an award of $6,693.09—for 22.75 hours of attorney work at a rate of $268.11/hour; seven hours of paralegal work at $82.93/hour; and $6.00 of costs and disbursements. The Court concludes that Respondents' position in the underlying litigation was not substantially justified and that Petitioner's requested fees are reasonable. Accordingly, the Court will grant the motion.

## DISCUSSION

The Court set out the facts of Petitioner's arrest and detention in its prior order granting his habeas petition. *See Jairo L.U.G.*, 2026 WL 1893624 at *1. The Petitioner now seeks an award of attorney's fees under the EAJA. (Mot. Atty.'s Fees, July 16, 2026, Docket No. 15.) Respondents oppose the motion.[1]

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the United States' position was substantially justified, or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Government's position includes both its position

[1] Respondents also seek a stay of this matter pending the United States Supreme Court's decision in *Montoya Palacios v. Liggins*. (Mot. Stay, Jul. 31, 2026, Docket No. 19.) This Court has already determined that until the Eighth Circuit or Supreme Court instructs it otherwise, it will consider EAJA fees available in immigration habeas cases. *See Riky A.M.L. v. Blanche*, Civ. No. 26-1429, 2026 WL 2241589, at *3 n.1 (D. Minn. Aug. 4, 2026). Thus, the Court finds no good cause for a stay at this time, and it will deny Respondents' motion.

taken in the litigation and the underlying government agency conduct that led to the action. *See id.* § 2412(d)(2)(D). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

If an award is appropriate under the EAJA, the fees awarded must be "reasonable and necessary." *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted). The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked and should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). A district court has substantial discretion when determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437; *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).

Respondents argue that their litigation conduct was reasonable and substantially justified. Respondents emphasize that they complied with the Court's orders in the case and advanced a consistent legal theory throughout. Respondents further assert that the Court's order granting Petitioner's immediate release was not grounded in clearly established law that was contrary to Respondents' position.

As the Court has repeatedly held in recent months, Respondents' arrest of a petitioner without a valid I-200 warrant, and without a showing that warrantless arrest was justified, is unlawful. 8 C.F.R. § 236.1; 8 U.S.C. §§ 1357(a), § 1225(b)(2); *see also, e.g.*, *Hector J.A.S. v. Shea,* Civ. No. 26-2242, 2026 WL 1243500 (D. Minn. May 6, 2026. And courts in this District have held time and again that the proper remedy for such unlawful arrest is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627 (D. Minn. Jan. 5, 2026). The Court therefore concludes that Respondents' position—that Petitioner's arrest was lawful—was not substantially justified.

Respondents do not appear to argue that, if Petitioner prevails in demonstrating that attorney's fees are justified as a matter of law, the amount of fees requested is unreasonable. And, after careful review, the Court concludes the fees Petitioner requests are reasonable.

For all these reasons, the Court will grant Petitioner's motion for attorney's fees and grant a fee award in the amount of $6,693.09.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Jairo L.U.G.'s Motion for EAJA Fees (Docket No. [15]) is **GRANTED.**
2. Petitioner is awarded $6,693.09 in reasonable costs and attorney's fees under the EAJA, 28 U.S.C. § 2412.

3. Respondents' Motion to Stay (Docket No. [19]) is **DENIED**.

DATED: August 18, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge